# UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF LOUISIANA
### ALEXANDRIA DIVISION

| | |
|---|---|
| **D & J INVESTMENTS OF CENLA, LLC, ET AL** | **CIVIL DOCKET NO. 1:20-CV-01174** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **BAKER HUGHES A GE CO, LLC, ET AL** | **MAGISTRATE JUDGE JOSEPH PEREZ-MONTES** |

## <u>MEMORANDUM RULING</u>

Pending before the Court are the following motions filed by the defendants pursuant to Federal Rule of Civil Procedure 12: (i) Stantec Consulting Services, Inc.'s ("Stantec") Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim and Rule 12(e) Motion for a More Definite Statement [Doc. 19]; (ii) GHD Services, Inc.'s ("GHD") Rule 12(b)(6) Partial Motion to Dismiss for Failure to State a Claim and Rule 12(e) Motion for a More Definite Statement [Doc. 26]; (iii) Halliburton Energy Services, Inc.'s ("Halliburton") Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, which adopts Stantec and GHD's Motions and Memorandums in Support with respect to dismissal of Plaintiffs' fraud-based claims [Doc. 43]; and (iv) Dresser, LLC, Baker Hughes, a GE Company, LLC, Baker Hughes Energy Services, LLC, Dresser RE, LLC, and GE Oil & Gas, LLC's (collectively, "Dresser") Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim, which also adopts Stantec and GHD's Motions and Memorandums in Support regarding dismissal of Plaintiffs' fraud-based claims

1

[Doc. 46] (collectively, the "Rule 12 Motions").[1] Because the issues raised in the pending motions are interrelated and many of the defendants' arguments cross-reference arguments made by similarly situated defendants, the Court herein addresses the Rule 12 Motions collectively.

For the following reasons, the Court rules as follows:

(i)     The Court GRANTS the Defendants' Motions to Dismiss the Plaintiffs' allegations of fraud.

(ii)    The Court GRANTS Stantec and GHD's Motions for a More Definite Statement.

(iii)   Plaintiffs will be afforded the opportunity to amend their First Amended Complaint to provide a more definite statement as to Stantec and GHD and, to the extent practicable, to re-state their fraud allegations in a manner compliant with Federal Rule of Civil Procedure 9(b).

---

[1]     The Rule 12 Motions were filed prior to the filing of Plaintiffs' First Amended Complaint. [Doc. 66]. The First Amended Complaint reflects two principal changes from the original Petition for Damages [Doc. 1-1]: (i) modifications of the identities and respective property descriptions of the plaintiffs and (ii) the addition of personal injury allegations. [Doc. 66 ¶¶ 1, 2, 58A, 58B, 59C]. As none of the changes affect the pending Motions, the Court opts to apply the pending Rule 12(b)(6) motions to dismiss to the First Amended Complaint rather than denying them as moot and requiring Defendants to file new Rule 12(b)(6) motions. *See Rountree v. Dyson*, 892 F.3d 681, 683 (5th Cir. 2018) (" '[D]efendants should not be required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending.' Rather, '[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.' ") (internal citations omitted).

## BACKGROUND

This action was filed in state court on July 30, 2020 and removed to this Court on September 10, 2020. [Doc. 1]. The litigation arises from alleged property damage and personal injury sustained by 47 landowners in both Rapides Parish and Grant Parish stemming from operations at an industrial valve manufacturing facility located in Pineville, Louisiana (the "Dresser Facility"). [Doc. 66]. Plaintiffs contend that, for the approximately 50 years during which the Dresser Facility was in operation, solvents, cutting oils, acids, and caustics were disposed of improperly – thereby causing groundwater and soil contamination to their properties. [*Id.*].

In 2012, employees at the Dresser Facility notified the Louisiana Department of Environmental Quality ("DEQ") of elevated levels of hydrocarbons ("TPH") in the groundwater adjacent to the Dresser Facility. [Doc. 33-1]. Since its disclosure of excessive TPH concentrations, Dresser alleges that it has complied with the DEQ's instructions concerning investigation and remediation. [*Id.*]. On January 8, 2020, the DEQ notified property owners and residents in affected areas. [Doc. 33-9].

Plaintiffs sued nine entities to recover for alleged property damage: (1) Baker Hughes, a GE Company; (2) Baker Hughes Energy Services, LLC; (3) Dresser, Inc.; (4) Dresser RE, LLC; (5) GE Oil & Gas, LLC; (6) Halliburton; (7) GHD; (8) Stantec; and (9) the DEQ. [Doc. 1-1]. The first six enumerated defendants have allegedly owned or operated the Dresser Facility since 1998. [Doc. 66]. GHD was retained as an environmental consultant in early 2020. [Doc. 26-1]. Stantec installed a

eNT

monitoring well (MW-39) on January 16, 2020. [Doc. 66]. The Court dismissed the DEQ from this action on November 18, 2020. [Doc. 49].

The First Amended Complaint (the "Complaint"), which Plaintiffs filed on March 4, 2021, asserts claims against Defendants for negligence, fraud, strict liability, trespass, nuisance, and punitive damages under former Article 2315.3. [Doc. 66]. All remaining Defendants move for dismissal of Plaintiffs' fraud claims, arguing that the Complaint fails to plead fraud with particularity as required by Rule 9(b). [Docs. 19, 26, 43, 46]. In addition to their Rule 12(b)(6) Motions, Stantec and GHD filed Rule 12(e) Motions for a More Definite Statement based on the Complaint's generalized allegations. [Docs. 19, 26]. Stantec and GHD contend that they cannot reasonably prepare responsive pleadings and thus seek an order mandating Plaintiffs to amend their Complaint to state the grounds giving rise to the claims against them. [Doc. 26-1].

Plaintiffs filed a Master Opposition to the Rule 12(b)(6) Motions on December 2, 2020, [Doc. 50], [2] to which Dresser, Stantec, and Halliburton replied. [Docs. 51, 52, 57].

DISCUSSION

I.     **Rule 12(b)(6) Motions to Dismiss for Failure to State a Claim**

    **a) Legal Standard**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move for dismissal of a plaintiff's claims before filing its answer when the pleadings, on their

---

[2]     Plaintiffs do not oppose GHD and Stantec's Rule 12(e) Motions for a More Definite Statement.

face, fail "to state a claim upon which relief can be granted." A pleading states a claim for relief when, *inter alia*, it contains "a short and plain statement … showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility requires more than just the "sheer possibility" that a defendant acted unlawfully; it calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence" to support the elements of the claim. *Twombly*, 550 U.S. at 556. Although the Rule 8 pleading standard does not require "detailed factual allegations;" mere "labels and conclusions," or "a formulaic recitation of the elements of a cause of action" do not suffice. *Id.* at 555.

In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A court must accept as true all factual allegations, although the same presumption does not extend to legal conclusions. *Iqbal*, 556 U.S. at 678. In sum, if the factual allegations asserted in the complaint are wholly speculative or if it is apparent from the face of the complaint that there is an absolute bar to recovery, the claim should be dismissed. *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955.

**b) Law and Analysis**

The Complaint alleges that Defendants committed "fraud, ill practices, and misrepresentation" by, in sum, concealing knowledge of contamination. [Doc. 66 ¶ 46]. Defendants contend that the Complaint fails to allege this fraudulent concealment claim with particularity as required by Federal Rule of Civil Procedure Rule 9(b), warranting dismissal under Rule 12(b)(6).

Allegations of fraudulent concealment are subject to Rule 9(b)'s heightened pleading requirements. *Alford v. Chevron U.S.A. Inc.*, 13 F.Supp.3d 581, 594 (E.D. La. 2014). Under Rule 9(b), a party must "state with particularity the circumstances constituting fraud." This Rule requires, at a minimum, a pleading of the "who, what, where, when, and how of the alleged fraud." *Colonial Oaks Assisted Living Lafayette, L.L.C. v. Hannie Dev., Inc.*, 972 F.3d 684, 689 (5th Cir. 2020) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)). Although malice, intent, or knowledge "may be averred generally," the allegations "must set forth specific facts that support an inference of fraud." *Id.* (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061 (5th Cir. 1994)). This requirement can be satisfied by either: (i) a showing of the defendant's motive to commit fraud or (ii) an identification of circumstances indicating the defendant's conscious behavior, "though the strength of the circumstantial allegations must be correspondingly greater." *Id.*

In asserting a claim for fraud, "[g]roup pleading is not permissible; instead, the plaintiff must plead specific facts describing the fraud allegedly committed by each

6

defendant." *Alford*, 13 F.Supp.3d at 594; *see also Watson v. Arkoma Dev.*, LLC, CV 17-1331, 2018 WL 6274070, at \*10 (W.D. La. Nov. 15, 2018) (dismissing claim for fraudulent concealment because the "[p]laintiffs have merely engaged in 'group pleading,' which is insufficient under Rule 9(b)").

As the parties to this matter are undoubtedly aware, federal courts in Louisiana have routinely dismissed fraud claims averring analogous allegations to those presented here. *See, e.g., Prairie Land Co. v. ConocoPhillips Co.*, 2:20-CV-00748, 2020 WL 5647300 (W.D. La. Sept. 22, 2020); *Watson*, 2018 WL 6274070; *Guthrie v. Plains Res. Inc.*, 2:12 CV-1904-PM-KK, 2013 WL 2471670, (W.D. La. June 7, 2013); *Constance v. Austral Oil Expl. Co., Inc.*, 2:12-CV-1252, 2013 WL 6578178 (W.D. La. Dec. 13, 2013); *Martin v. Tesoro Corp.*, 2:11 CV 1413, 2012 WL 1866841 (W.D. La. May 21, 2012); *Alford*, 13 F.Supp.3d 581. In each of these cases, the plaintiffs sued companies alleged to have caused environmental contamination. Among other causes of action, the plaintiffs alleged that the defendants fraudulently concealed their knowledge of the contamination. In addressing these claims, federal courts in this District and throughout Louisiana have consistently found fraud claims that are generic, conclusory, and fail to distinguish among the defendants to be not in compliance with Rule 9(b)'s strict pleading requirements.

Similar to these other cases, the Complaint in this matter wholly fails to include: (i) allegations distinguishing among each defendant and their respective responsibility for the fraudulent activities; (ii) information on how, when, or where Defendants actively concealed the contamination; (iii) the source of Defendants' duty

to inform; and (iv) an explanation concerning why Defendants' failure to inform was misleading. Thus, the Complaint's fraud allegations are deficient under Rule 9(b).

Accordingly, the Court grants the Rule 12(b)(6) Motions and dismisses Plaintiffs' fraud-based claims without prejudice to repleading them within 14 days in a manner consistent with this ruling and applicable law. *See Guthrie v. Plains Res. Inc.*, 2:12 CV-1904-PM-KK, 2013 WL 2471670, at *9 (W.D. La. June 7, 2013) ("a plaintiff's failure to meet the specific pleading requirements [of Rule 9(b)] should not automatically or inflexibility [sic] result in dismissal of the complaint with prejudice to refiling.") (quoting *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n. 6 (5th Cir.2000)).

## II.   Rule 12(e) Motions for a More Definite Statement

### a) Legal Standard

A party may move for a more definite statement of "a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The court must assess the pleading under Rule 8 of the Federal Rules of Civil Procedure's notice pleading standard, which requires, in relevant part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To comply with this standard, a complaint need not plead specific facts but must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).

Rule 12(e) motions are disfavored, as "in view of the great liberality of Rule 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e)

should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss." *Mitchell v. E-Z Way Towers, Inc.*, 269 F.2d 126, 132 (5th Cir. 1959). Further, a party may not use a Rule 12(e) motion to assist in gathering facts in preparation for trial. *Id.* The trial court is granted considerable discretion in ruling on a Rule 12(e) motion. *See Ditcharo v. United Parcel Serv., Inc.*, 376 Fed. Appx. 432, 440 (5th Cir. 2010) ("We review orders made pursuant to Rule 12(e) for abuse of discretion."); *Thurman v. Louisiana Dep't of Health & Hosps.*, 2:12-CV-2426, 2013 WL 3146923, at *4 (W.D. La. June 14, 2013); *Murungi v. Texas Guaranteed*, 646 F.Supp.2d 804, 811 (E.D. La. 2009).

### b) Law and Analysis

Stantec and GHD argue that Plaintiffs must provide a more definite statement because the Complaint improperly groups them together with the other defendants. Specifically, they contend that the Complaint is devoid of factual allegations regarding the grounds giving rise to the claims against them.

Indeed, the factual allegations in the Complaint that specifically pertain to Stantec and GHD are nearly non-existent. Besides identifying their corporate status and agents for service of process, the Complaint states only one factual allegation involving Stantec and seemingly makes no factual averments involving GHD. The Complaint alleges that Stantec negligently installed a monitoring well in January of 2020, causing contaminated groundwater to flow north of the Dresser Facility and

into Grant Parish. [Doc. 66 ¶ 37]. Nonetheless, the Complaint seeks to hold Stantec and GHD liable for all alleged misconduct undertaken by the other defendants.

The Court finds the Complaint deficient under Rule 8 as to both movants because, quite simply, the Complaint asserts claims against Stantec and GHD but fails to adequately state the grounds upon which those claims rest. Among other claims, Plaintiffs allege that Stantec and GHD are liable for damages resulting from fraudulent concealment of pollution, negligent disposal of toxic waste, and improper design and construction of the Dresser Facility over the past approximately 50 years. However, the Complaint's bare allegations against Stantec and GHD fail to provide a plausible link with this alleged misconduct. Additionally, the Complaint seeks to hold Stantec liable for damages sustained by Rapides Parish landowners, while at the same time alleging only that Stantec caused injury in Grant Parish.

Accordingly, the Court grants the Stantec and GHD's Rule 12(e) Motions and orders Plaintiffs to amend their Complaint in a manner that sufficiently places Stantec and GHD on notice of the grounds upon which Plaintiffs' claims are premised.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Rule 12(b)(6) Motions to Dismiss and GRANTS GHD and Stantec's Rule 12(e) Motions for a More Definite Statement.

IT IS HEREBY ORDERED that the Court DISMISSES WITHOUT PREJUDICE Plaintiffs' fraud-based claims against Defendants.

IT IS FURTHER ORDERED that Plaintiffs shall amend their Complaint within 14 days only to the extent necessary to provide a more definite statement as

to Stantec and GHD and, to the extent practicable, to re-state their fraud claims in a manner consistent with Federal Rule of Civil Procedure 9(b).

THUS, DONE AND SIGNED in Chambers on this 8th day of March, 2021.

_____

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE