c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KERRY BARRET, *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:20-CV-01346 |
| VERSUS | JUDGE JOSEPH |
| DRESSER, L.L.C., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## COORDINATED DISCOVERY ORDER

This lawsuit and others – the "Related Cases"[1] – arise from a common basis of fact, and present similar disputed issues. The Court previously ordered the parties to engage in "pre-certification discovery" related to class certification (the "Pre-Certification Order"). The pre-certification discovery period has now passed. At this

---

[1] The "Related Cases" pending before this Court are: *Alexander, et al. v. Dresser, LLC, et al.*, No. 1:21-cv-00161- DCJ-JPM (W.D. La. Dec. 30, 2020); *Barnes, et al. v. Dresser, LLC, et al.*, No. 1:21-cv-00024-DCJ-JPM (W.D. La. Jan. 6, 2021); *Barrett, et al. v. Dresser, LLC, et al.*, No. 1:20-cv-01346-DCJ-JPM (W.D. La. Oct. 16, 2021); *Cook, et al. v. Dresser, LLC, et al.*, No. 1:21-cv-00696-DDD-JPM (W.D. La. March 1, 2021); *D&J Investments of Cenla, LLC, et al. v. Baker Hughes, a GE Co., LLC, et al.*, No. 1:20-cv-01174-DCJ-JPM (W.D. La. July 31, 2020); *Epperson, et al. v. Dresser, LLC, et al.*, No. 1:21-cv-00155-DCJ-JPM (W.D. La. Dec. 30, 2020); *Hyatt v. Baker Hughes Holdings LLC*, No. 1:20-cv-01460-DCJ-JPM (W.D. La. Sept. 25, 2020); *Jacques, et al. v. Baker Hughes, a GE Co., LLC, et al.*, No. 1:21-cv-00315-DCJ-JPM (W.D. La. Jan. 7, 2021); *LeBlanc, et al. v. Baker Hughes, a GE Co., LLC, et al.*, No. 1:21-cv-00142-DCJ-JPM (Dec. 30, 2020); *Perry, et al. v. Baker Hughes, a GE Co., LLC, et al.*, No. 1:20-cv-01293-DCJ-JPM (W.D. La. Aug. 21, 2020); *Stalnaker v. Baker Hughes, a GE Co., LLC, et al.*, No. 1:20-cv-01292- DCJ-JPM (W.D. La. Aug. 4, 2020); *Wahlder v. Baker Hughes, Inc., et al.*, No. 1:20-cv-00631-DCJ-JPM (May 8, 2020); *Petty, et al. v. Dresser, LLC, et al.*, No. 1:21-cv-02586-DCJ-JPM (W.D. La. Aug. 18, 2021). Though the Court understands that two lawsuits arising from similar circumstances are currently pending before another federal district court, and at least one additional lawsuit is currently pending before a state court, the vast majority of related cases are pending in the Alexandria Division of the Western District of Louisiana – the district and division in which the Alleged Contamination occurred and in which all claimants reside and/or own property.

juncture, none of the parties are seeking class certification. and have now agreed that it is appropriate to commence fact discovery. The parties further agree that all Related Cases should be coordinated to avoid unnecessary conflicts and expense, to conserve judicial resources, and to expedite dispositions of any disagreements. However, because there is disagreement among the parties as to the appropriate scope and nature of fact discovery at this stage in the litigations, the Court held a joint hearing in all Related Cases and has reviewed relevant authorities and prior proposals made by the parties and now issues the following guidance.

IT IS ORDERED that the parties in all Related Cases engage in "Coordinated Discovery" as detailed below.

### 1. Filing of Order

This Coordinated Discovery Order shall be filed in all Related Cases, and in any Related Case subsequently filed in, removed to, or transferred to this Court.

### 2. Pre-Certification Order

Some provisions of the Pre-Certification Order are restated or otherwise adopted herein. Any remaining and unexpired provisions of the Pre-Certification Order are superseded by this Coordinated Discovery Order.

### 3. Coordinated Discovery

#### a. Scope

Discovery regarding the issue of liability is prohibited at this point, pending further orders from the Court. Discovery may be conducted as to all other appropriate

issues, including the issues of causation, quantum, and damages. Discovery may also include the geographical and technical scope of any alleged contamination.

### b. Form

The parties may employ any discovery device allowed under the Federal Rules of Civil Procedure or required by this Coordinated Discovery Order.

### c. Duration

Discovery under this Coordinated Discovery Order will be completed <u>within 180 days of the entry of this Order</u>. Upon the expiration of this time period, the parties shall jointly issue a report to the Court summarizing the progression of discovery in this matter, including any items remaining outstanding.

### d. Coordination

Counsel in all Related Cases will coordinate and consolidate their discovery requests. To this end, counsel for all plaintiffs in the Related Cases, and counsel for all defendants in the Related cases, will conference to discuss coordination.

Plaintiffs shall collectively propound discovery requests to Defendants to the extent practicable, and if all participants are specifically identified. Defendants may respond to such requests collectively, again if all participants are identified. Defendants may also reference a general document repository or publicly available information. But Defendants must specifically identify – by name, number, or other unique characteristic – any responsive documents within a larger repository, along with the physical or digital location of such documents.

### e. Stipulations

The parties may – and are strongly encouraged to – voluntarily disclose information and to stipulate regarding any factual, procedural, or legal issues if the stipulation is not inconsistent with the Court's orders. The parties will not use "boilerplate" or artful language in the discovery process.

### f. Conferral

The parties will confer regularly, and verbally, regarding any coordinated discovery issues. If necessary, <u>within 30 days of the entry of this Order</u>, the parties may file a proposed stipulation or order outlining a suggested protocol for the organization, categorization, and indexing of documents, or addressing other coordinated discovery issues.

### g. Settlement

Once Coordinated Discovery is complete, the Court will consider procedures to facilitate settlement efforts in Related Cases.

## 4. Plaintiff Information Sheet

Each Plaintiff shall have <u>30 days from the entry of this Order</u> to complete and serve upon Defendants a verified "Plaintiff Information Sheet" using the form provided by the Court for this purpose. Plaintiffs making a claim for personal injury shall execute and attach authorizations for release of medical records, employment records, and Social Security earnings. In cases subsequently filed in, removed to, or transferred to this Court, plaintiffs will have <u>30 days from the first docket entry</u> to complete this requirement.

All responses will be treated as answers to interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34, and must be supplemented in accordance with Fed. R. Civ. P. 26.

5. **Discovery Requests and Responses**

Pursuant to Fed. R. Civ. P. 5(d), discovery requests and responses will not be filed with the Court except when specifically ordered by the Court or to the extent offered in connection with a motion.

6. **Expedited Discovery**

On expedited motion and for good cause shown, expedited discovery of plaintiffs, and/or health care providers, will be allowed when: (1) the plaintiff or a plaintiff's immediate family member is terminally ill; (2) there is an urgent need to record and preserve testimony, and; (3) that plaintiff has completed the Plaintiff Information Sheet and any required authorizations.

7. **Motions**

The parties may file any motion related to discovery allowed by the Federal Rules of Civil Procedure. The parties may also file a motion for leave to file another motion that is procedural, or partially or wholly case-dispositive, in nature. The parties shall not file any motion for which additional discovery is needed, which addresses a defect that may be cured by amendment or stipulation, or which otherwise is obstructive the progression of this matter.

The Court will attempt to resolve any disputes verbally, and on an expedited basis. The parties will confer in accordance with Fed. R. Civ. P. 37, and will exhaust all other means of potential resolution, before requesting relief from the Court.

8. **Other Discovery**

Until further order by the Court, no other discovery shall be conducted in the Related Cases, except on motion and for good cause shown.

9. **Status Conferences**

The Court will host status conferences at regular intervals. The parties may raise discovery disputes, and must be prepared to provide case updates, during these status conferences.

A Status Conference is set for <u>Tuesday, November 16, 2021 at 10:00 a.m.</u> before the undersigned via video conference.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __1st__ day of October 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE