c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| D&J INVESTMENTS OF CENLA, L.L.C., *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:20-CV-01174 |
| VERSUS | JUDGE JOSEPH |
| BAKER HUGHES, A GE COMPANY, L.L.C., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are Rule 12(b)(6) and Rule 12(e) Motions to Dismiss (ECF No. 143) filed by Defendant Stantec Consulting Services ("Stantec") and a Rule 12(b)(6) Motion to Dismiss (ECF No. 151) filed by Defendant GHD Services, Inc. ("GHD"). Stantec and GHD seek dismissal of all claims against them for failure to cure previously deficient claims. Plaintiffs[1] oppose both motions. ECF Nos. 147, 154.

---

[1] D&J Investments of Cenla, L.L.C., Deborah H. Greer, James W. Greer, Jr., Daniel L. Webb, Jim Adams, Darwin Oliver Arrington, Richard Bardwell, James Benedict, Cassandra S. Carmouche, Michael S. Cerami, David W. Chesser, Sr., Emural Cook, Jack Cooper, Jr., Sherry S. Daniels, Latonnia G. Downs, Teresa B. Drexel, Gary K. Ermatinger, Sandra J. Fountain, Peter W. Gardner, Andre Garsaud, Ellen Gaspard, Susan C. Gauthier, Johnny Gilley, Michael Guillory, James Hodge, Jennifer Long, Derrick J. Malone, individually and on behalf of Rapides Investments, L.L.C., James Methvin, Sandra Nagle, Ellis Nick, Amy Overfield, Mark A. Peterson, Sandra K. Shirah, Charles M. Smith, Bridget R. Taylor, Sherry J. Taylor, Nicholas E. Thompson, Clyde M. Todd, Jr., John S. Tucker, Angela Waggener, Arthur Waller, Denise White, Randy L. Wilkerson, Adam McCoy, Robert A. Ray, Joe W. Aguillard, Kenneth Roy, Trustee of Kenneth Gerard Roy and Susan Marie Falcon Roy Living Trust, Mark A. Crawford, Sharon Darlene Powell, Brian Buckoski, Olde Oak Home, L.L.C., Catherine Shevnin, Terry D. Mitchell, John L. Milliner, Robert E. Barfield, Johnnie Rodgers, Mark H. Lacroix, Donald L. Fuhrmann, Sr., Donald L. Fuhrmann, Jr., Dennis C. Ward, Trustee for Dennis Creighton Ward and Barbara Jane Ward Living Trust, Robin L. Eddlemon, Randal A. Marino, Jerry George, Steven C. Cook, Stewart D. Henagan, Raymond Stewart, Pauline H. Givens, Jason O'Neal, William F. Hocke, William R. Wooward, Jr., Jill

Because Plaintiffs' Restated Complaint (ECF No. 105) fails to state claims for relief against Stantec and GHD, Stantec's Rule 12(b)(6) Motion to Dismiss (ECF No. 143) and GHD's Rule 12(b)(6) Motion to Dismiss (ECF No. 151) should be GRANTED.

I.   **Background**

On July 30, 2020, Plaintiffs filed suit in state court.  ECF No. 1-1.  Plaintiffs named Defendants Baker Hughes, a GE Co., L.L.C., Baker Hughes Energy Services, L.L.C., Dresser, L.L.C., Dresser RE, L.L.C., GE Oil & Gas, L.L.C. GHD, Stantec, Halliburton Energy Services, Inc. ("Halliburton") and Louisiana Department of Environmental Quality ("LDEQ").[2]  ECF No. 1-1.  On September 10, 2020, Halliburton removed based on diversity jurisdiction.  ECF No. 1.

The litigation arises from alleged property damage and personal injury sustained by 47 landowners in both Rapides Parish and Grant Parish stemming from operations at an industrial valve manufacturing facility located in Pineville, Louisiana (the "Dresser Facility").  ECF No. 66.  Plaintiffs contend that, for the approximately 50 years during which the Dresser Facility was in operation, solvents, cutting oils, acids, and caustics were disposed of improperly – thereby causing groundwater and soil contamination to their properties.  *Id.*

---

Reid, Casey Henagan, Jodi Vanhuis, Marek Marcantel, Karen K. Guillory, Daniel J. Cayse, Benjamin J. Colvin, Jason L. Tarver, Roger H. Corley, and Travis Land Co., L.L.C. (collectively, "Plaintiffs").

[2] On November 18, 2020, LDEQ was dismissed without prejudice.  ECF Nos. 49, 61.  Plaintiffs have an appeal pending before the United States Court of Appeals for the Fifth Circuit.  ECF No. 132.

In 2012, the Dresser Facility notified LDEQ of the elevated levels of hydrocarbons ("TPH") in the groundwater adjacent to the Dresser Facility. ECF No. 1-1 at 18. Since its disclosure of excessive TPH concentrations, Dresser alleges it has complied with LDEQ's instructions concerning investigation and remediation. On January 8, 2020, LDEQ notified property owners and residents in affected areas. ECF No. 1-1 at 21.

GHD was retained as an environmental consultant in early 2020. ECF Nos. 26-1, 70 at 3. Stantec installed a monitoring well (MW-39) on January 16, 2020. ECF Nos. 66, 70 at 4.

On March 4, 2021, Plaintiffs filed a First Amended Complaint (the "Complaint") (ECF No. 66), asserting claims against Defendants for negligence, fraud, strict liability, trespass, nuisance, and punitive damages under former Article 2315.3. ECF No. 66. Remaining Defendants moved for dismissal of Plaintiffs' fraud claims. ECF Nos. 19, 26, 43, 46. Stantec and GHD filed their first Rule 12(b)(6) motions and Rule 12(e) motions. ECF Nos. 19, 26. On April 6, 2021, the Court issued a Memorandum Ruling (ECF No. 70), granting the Rule 12(b)(6) motions and dismissing Plaintiffs' fraud allegations as deficient, with an opportunity to replead them within 14 days. ECF No. 70 at 8. The Court also granted Stantec's and GHD's Rule 12(e) Motions for a More Definite Statement, holding that Plaintiffs engaged in impermissible "group pleading." ECF No. 70 at 9.

The Court observed that Plaintiffs' Complaint (ECF No. 66) was devoid of factual allegations regarding the grounds giving rise to claims against Stantec and

GHD. *Id.* The Complaint merely identified Stantec's and GHD's corporate status and agents for service of process, but only stated one factual allegation involving Stantec and no allegations involving GHD. *Id.* Plaintiffs were ordered to amend their Complaint to sufficiently place Stantec and GHD on notice of the grounds upon which Plaintiffs' claims were premised. *Id.* at 10.

On March 22, 2021, Plaintiffs filed their Second Supplemental and Amending Complaint ("Amended Complaint"). ECF No. 79. Plaintiffs stated that the allegations in the original Petition and Complaint are amended to specifically direct certain allegations concerning monitoring wells only to Stantec. ECF No. 79 at 2. Plaintiffs also directed previous allegations concerning the design, construction, and use of the vapor monitory program to only GHD. *Id.*

Stantec and GHD filed second Rule 12(b)(6) motions to dismiss the Amended Complaint. ECF Nos. 83, 85.[3] Plaintiffs thereafter sought to voluntarily dismiss claims of fraud and punitive damages, only, as to Stantec and GHD. ECF Nos. 95, 97. On April 30, 2021, the Court granted Plaintiffs voluntary dismissal of certain claims against Stantec. ECF No. 96. On May 3, 2021, the Court granted Plaintiffs' voluntary dismissal of certain claims against GHD. ECF No. 98. The Court dismissed without prejudice Plaintiffs' claims of fraud and punitive damages, only, as to Stantec and GHD, only, reserving all of Plaintiffs' other claims against Stantec, GHD, and other named Defendants. *See* ECF Nos. 95, 98. Plaintiffs were ordered

---

[3] The other Defendants also filed a second set of Rule 12(b) motions in response to the Amended Complaint. ECF Nos. 82, 84. GHD states the Court ordered the Rule 12(b)(6) motions withdrawn considering its discovery order, without foreclosing future motion practice of an identical or substantially similar nature. ECF Nos. 119, 151-1 at 3.

4

this time to file a stand-alone Amended Complaint, restating the entirety of all claims currently pending, without reference to any prior pleading. *Id.* On May 14, 2021, Plaintiffs filed a "Court Ordered Restated Complaint" ("Restated Complaint"). ECF No. 105.

Now Stantec and GHD seek to dismiss as deficient Plaintiffs' restated claims against them under Rule 12(b)(6). ECF Nos. 143, 155. Stantec otherwise seeks dismissal under Rule 12(e) for failure to provide a more definite statement. ECF No. 155. Plaintiffs oppose. ECF Nos. 147, 154.

## II. Law and Analysis

### A. Plaintiffs' allegations must raise a plausible right to relief against Stantec and GHD.

Under Fed. R. Civ. P. 12(b)(6), a court may dismiss all or part of a complaint for "failure to state a claim upon which relief can be granted."[4] But a complaint should not be dismissed "if it contains 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)) (internal citation and quotation omitted).

A complaint or claim is "facially plausible" when the facts alleged "allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (internal citation and quotation omitted). Factual allegations need not be detailed but must "raise a right

---

[4] And Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

5

to relief above the speculative level." *Serrano v. Customs & Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488, 496 (5th Cir. 2020).

In deciding a motion to dismiss, a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Id.* at 496. However, a court need not accept as true "'conclusory allegations, unwarranted factual inferences, or legal conclusions.'" *Arnold*, 979 F.3d at 266 (quoting *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal citation and quotation omitted)).

### B. Plaintiffs' Restated Complaint (ECF No. 105) remains deficient as to Stantec and GHD.

Plaintiffs' Restated Complaint (ECF No. 105) alleges GHD and Stantec are the environmental assessment entities (the "Assessment Entities"), distinguishing them from the "Dresser Entities." ECF No. 105 at 22. However, Plaintiffs' Restated Complaint still asserts only bare allegations concerning Stantec or GHD.

As to Stantec, Plaintiffs state the following:

> Allegations in the Restated Complaint that address geology, lithology, groundwater flow, conceptual models, and/or any other process or processes used in the determination of the quantity, location, depth, and installation of monitoring wells, the design and extent of the monitoring well field, monitoring wells that were drilling and never sampled, the identification of the contaminants of concern, the analytical standards used for sample collection, resampling, and sample testing, chain of custody for all samples collected, and the collection and handling of samples obtained from the monitoring wells are specifically directed to Stantec Consulting Services Inc., only.

ECF No. 105 at 22. Plaintiffs further allege that Stantec installed MW-39 on January 16, 2020. ECF No. 105 at 34. Stantec's predecessor MWH Americas, Inc. was retained by LDEQ in 2013. *Id.* at n.16. Plaintiffs claim that "significant variations

and/or fluctuations in the water levels in MW-39 suggest the location, improper, and inadequate installation of MW-39, in conjunction with Dresser facility's Outfall 001, resulted in yet another groundwater mounding effect that yet again changed the historical regional groundwater flow – now contaminated with chlorinated hydrocarbons – pushing the groundwater north of the Dresser facility in Rapides Parish and into Grant Parish." *Id.* at 34.

However, this sole allegation was previously found deficient by this Court. ECF No. 39; *see also* ECF No. 1-1 at 21. Otherwise, the Restated Complaint (ECF No. 105) does not allege specific facts as to Stantec and continues to use group pleading previously found as improper by this Court.

As to GHD, Plaintiffs allege the following:

> Allegations in the Restated Complaint that address the design, construction, and use of the vapor monitoring program and/or system, conceptual models and/or any other process or processes whereby vapor monitors were to be located and installed, the design and extent of the monitoring field, the number of monitoring events, the identification of the contaminants of concern, the analytical standards used for sample collection, re-sampling, and sample testing, chain of custody for all samples collected, damages resulting from improper installation of vapor monitors and or vapor monitor canisters, and the collection and handling of samples obtained from the vapor monitors and/or vapor monitor canisters are specifically directed to GHD Services, Inc., only.

ECF No. 105 at 22-23. Notably, however, Plaintiffs' allegations concerning monitoring wells pertain to events prior to LDEQ retaining GHD in 2019. Plaintiffs allege LDEQ waited seven years from 2012 to retain GHD. ECF No. 105 at 33. They allege that GHD submitted a work plan to LDEQ on December 17, 2019 "to conduct residential indoor air sampling in the area of concern east of the former Dresser . . .

facility." *Id.* at 33-34. Plaintiffs attach the plan to the Restated Complaint. ECF No. 105-1 at 7.

But the Restated Complaint contains no additional factual allegations of misconduct as to GHD related to the attached work plan. Plaintiffs assert that "Defendants' conduct constitutes negligence which gives rise to liability under the provisions of La. C.C. art. 2315." ECF No. 105 at 45. The remaining allegations concerning negligence pertain to the Dresser Entities. ECF No. 105 at 45-50.[5]

Plaintiffs' prayer for relief against the Assessment Entities seeks compensatory damages, including damages under La. R.S. 30:2015.1, injunctive relief, a remediation plan under La. R.S. 30:2015.1, all equitable relief and damages allowable, and alternatively, unjust enrichment. *Id.* at 59-60. Otherwise, the Restated Complaint contains no additional factual allegations as to Stantec or GHD.

Briefing may clarify unclear allegations in a complaint. *Pegram v. Herdrich*, 530 U.S. 211, 230 n. 10, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000). However, "it is axiomatic that a complaint cannot be amended by briefs in opposition to a motion to dismiss." *In re Enron Corp. Sec., Derivative & ERISA Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011). New factual allegations in briefs are not appropriately considered on a motion to dismiss. *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019); *see also Thibodeaux v. Bernhard*, 2021 WL 4314746, at

---

[5] Out of an abundance of caution, GHD also seeks dismissal of Plaintiffs' request for damages for personal injury and request for medical monitoring. ECF No. 151-1 at 5-6. Plaintiffs' Restated Complaint (ECF No. 105) makes no allegations against GHD relating to medical monitoring or for personal injury and states no cause of action against GHD for same. Thus, broadly construing Plaintiffs' Restated Complaint, Plaintiffs fail to sufficiently allege claims for medical monitoring or personal injuries against GHD.

\*4 (W.D. La. Sept. 22, 2021) ("[P]leadings cannot be expanded via an opposition memorandum.") (citations omitted).

Here, Plaintiffs' Oppositions (ECF Nos. 147, 154) impermissibly attempt to expand the pleadings. The Court can only evaluate whether Plaintiffs pleaded enough facts in their Restated Complaint to state a plausible claim against Stantec and GHD. They did not.

A complaint must go beyond labels, factual conclusions, or formulaic recitations of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. Dismissal of Plaintiffs' claims against Stantec and GHD is warranted.

### III. Conclusion

Because Plaintiffs' Restated Complaint (ECF No. 105) fails to state claims for relief against Stantec and GHD;

IT IS RECOMMENDED that Stantec's Rule 12(b)(6) Motion to Dismiss (ECF No. 143) and GHD's Rule 12(b)(6) Motion to Dismiss (ECF No. 151) be GRANTED, and that Plaintiffs' claims against Stantec and GHD be DISMISSED WITHOUT PREJUDICE.[6]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen

---

[6] The Court acknowledges Plaintiffs' have had three attempts to amend to cure deficiencies in their claims against Stantec and GHD. However, given the Court's Orders limiting discovery to date, the Court dismisses Plaintiffs' claims without prejudice.

(14) days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 14th day of September 2022.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE